[No. 84545-0.   En Banc.]
Argued June 14, 2011.     Decided October 13, 2011.

THE STATE OF WASHINGTON, *Respondent*, v. JOHN CHARLES
FRANKLIN, *Petitioner*.

*Thomas M. Kummerow* (of *Washington Appellate Project*), for petitioner.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Dennis J. McCurdy, Deputy*, for respondent.

¶1 MADSEN, C.J. — John Franklin challenges the Court of Appeals decision affirming his convictions and sentences. We granted review only on the question of whether Franklin is entitled to resentencing for counts I and III as a result of new legislation requiring sentencing courts to reduce the term of community custody when the total terms of confinement and community custody exceed the statutory maximum. We hold that while the 2009 legislation applies retroactively, the legislature charged the Department of Corrections, not the sentencing court, with adjusting the length of community custody for those serving terms of confinement or community custody by modifying the end date for community custody. Thus, we conclude that Franklin is not entitled to resentencing by the trial court and we affirm the Court of Appeals.

## FACTS AND PROCEDURAL HISTORY

¶2 On October 24, 2007, Franklin was found guilty of a number of offenses, including third degree assault (count I) and possession of cocaine with intent to deliver (count III). The former carries a statutory maximum term of 60 months, the latter 120 months.[1]

¶3 On February 22, 2008, Franklin was sentenced to 68 months of confinement for count I and 120 months of confinement for count III. On June 11, 2008, the trial court became aware that Franklin's term of confinement for count I was in excess of the statutory maximum, and it issued an order reducing the term of confinement for count I to 60 months. At the same time, the court noted that it had neglected to sentence Franklin to community custody for counts I and III and added community custody terms of 9-18 months for count I and 9-12 months for count III. On

---

[1] Assault in the third degree is a class C felony. RCW 9A.36.031(2). The maximum sentence for a class C felony is 5 years (60 months) of confinement, a fine of $10,000, or both. RCW 9A.20.021(1)(c). Possession of cocaine with intent to deliver is a class B felony, punishable by 10 years (120 months) of incarceration, a fine of $25,000, or both. RCW 69.50.401(1), (2)(a), .101(r)(4)-(6).

September 5, 2008, on Franklin's motion, the trial court modified Franklin's judgment and sentence once again, in order to "ensure that the time the defendant spends in confinement and on community custody does not exceed the statutory maximum." Clerk's Papers (CP) at 276. To that end, the court added the following notations to Franklin's judgment and sentence:

> On[ ] Count I, the defendant is sentenced to 9 to 18 months community custody or for the entire period of earned early release awarded under RCW 9.94A.728, whichever is longer. On Count I, the total amount of incarceration and community custody shall not exceed 60 months.
>
> On Count III, the defendant is sentenced to 9 to 12 months community custody or for the entire period of earned release awarded under RCW 9.94A.728, whichever is longer. On Count III, the total amount of incarceration and community custody shall not exceed 120 months.

CP at 276-77. On appeal, Franklin challenged his sentences for counts I and III as indeterminate under *State v. Linerud*, 147 Wn. App. 944, 197 P.3d 1224 (2008) (withdrawn and superseded), *adhered to on remand*, noted at 154 Wn. App. 1001, 2010 WL 6961, 2010 Wash. App. LEXIS 18.[2] In *Linerud*, 147 Wn. App. at 946, the Court of Appeals held that when a sentencing court does not set fixed terms of confinement and community custody but instead includes a notation requiring the Department of Corrections (DOC) to ensure that the total time served does not exceed the statutory maximum, the judgment and sentence is indeterminate, in violation of the Sentencing Reform Act of 1981, chapter 9.94A RCW.

¶4 In an unpublished opinion, the Court of Appeals, Division One, rejected this argument and affirmed Franklin's sentence. *State v. Franklin*, noted at 154 Wn. App. 1004, 2010 WL 60175, at *12, 2010 Wash. App. LEXIS 25, at *38-39. The court relied on *In re Personal Restraint of*

---

[2] Franklin raised a number of additional assignments of error, but this court granted review only on the sentencing issue.

*Brooks*, 166 Wn.2d 664, 666, 211 P.3d 1023 (2009), in which we parted company with the *Linerud* court and upheld a sentence of 120 months of confinement and a variable term of community custody, where the judgment and sentence included a notation indicating that the total terms of confinement and community custody could not exceed the statutory maximum of 120 months.[3]

¶5 On February 9, 2010, Franklin moved for reconsideration in the Court of Appeals, arguing that RCW 9.94A.701, a newly amended statute effective July 26, 2009, entitled him to resentencing, even in light of *Brooks*. The Court of Appeals denied reconsideration without comment.

¶6 Franklin petitioned this court for review, which we granted only on the issue of whether the trial court was required to reduce Franklin's terms of community custody for counts I and III to bring his total terms of confinement and community custody within the statutory maximums. *State v. Franklin*, 169 Wn.2d 1021, 238 P.3d 503 (2010).

## ANALYSIS

¶7 Questions of statutory interpretation are questions of law subject to de novo review. *State v. Gonzales Flores*, 164 Wn.2d 1, 10, 186 P.3d 1038 (2008).

¶8 Former RCW 9.94A.715 (2006) provided for a variable term of community custody. Under the former statute, a sentencing court was required to sentence an offender such as Franklin "to community custody for the community custody range established under RCW 9.94A.850 or up to the period of earned release awarded pursuant to RCW 9.94A.728 (1) and (2), whichever is longer."[4] Former RCW 9.94A.715(1).

---

[3] *Brooks* was decided after Franklin had filed a supplemental brief in the Court of Appeals challenging his sentences as indeterminate under *Linerud*. *Brooks*, 166 Wn.2d 664.

[4] This provision applied to offenders convicted of violent offenses, such as assault, as well as felonies under chapter 69.50 RCW, such as possession of cocaine with intent to deliver. Former RCW 9.94A.715(1); RCW 69.50.401.

¶9 The legislature repealed this statute in 2008. LAWS OF 2008, ch. 231, § 57(3). However, in doing so, it maintained the language authorizing variable terms of community custody in a new section of chapter 9.94A RCW, former RCW 9.94A.701 (2008), and indicated that it did not intend to effect substantive change. LAWS OF 2008, ch. 231, §§ 6-7.[5]

¶10 In 2009, after the trial court had amended Franklin's sentence for the second time, the legislature adopted Engrossed Substitute Senate Bill 5288 (ESSB 5288), which amended former RCW 9.94A.701 by removing the language that had first appeared in former RCW 9.94A.715 permitting variable terms of community custody. LAWS OF 2009, ch. 375, § 5. In its place, the legislature added new language requiring sentencing courts to impose fixed terms of 36, 18, or 12 months of community custody, depending on the type of offense. *Id.*; RCW 9.94A.701(1)-(3).[6] Under the amended statute, a court may no longer sentence an offender to a variable term of community custody contingent on the amount of earned release but instead, it must determine the precise length of community custody at the time of sentencing. RCW 9.94A.701(1)-(3); *cf.* former RCW 9.94A.715(1).

¶11 In making these changes, the legislature also enacted what is now RCW 9.94A.701(9), the provision on which Franklin's challenge rests.[7]

> The term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021.

---

[5] Subsequently, the legislature reenacted former RCW 9.94A.715 and then repealed it once again. LAWS OF 2008, ch. 276, § 305 (reenactment); LAWS OF 2009, ch. 28, § 42(2) (second repeal).

[6] The statute also includes a number of exceptions that are inapplicable here. RCW 9.94A.701(4)-(8).

[7] This provision was originally codified as subsection (8) and later renumbered as subsection (9). LAWS OF 2010, ch. 224, § 5. For clarity, we refer to it as subsection (9) throughout this opinion.

LAWS OF 2009, ch. 375, § 5. These amendments took effect on July 26, 2009.

¶12 Franklin argues that the amendments to RCW 9.94A.701(1)-(3) requiring trial courts to set fixed terms of community custody preclude a trial court from delegating responsibility to DOC to ensure compliance with statutory maximums. Instead, Franklin contends, under the plain meaning of RCW 9.94A.701(9), only the trial court may reduce his terms of community custody. He further argues that the trial court is required to reduce the term of community custody for counts I and III to zero in order to bring the total terms of confinement and community custody within the statutory maximums.[8]

¶13 Franklin's sentence was clearly lawful under *Brooks*. *See Brooks*, 166 Wn.2d at 666. However, Franklin argues

---

[8] Franklin maintains that RCW 9.94A.729, which provides for transfer to community custody in lieu of earned release, does not relieve the trial court of its duty under RCW 9.94A.701 to set fixed—rather than variable—terms of community custody. Notably, RCW 9.94A.729 was amended after the parties presented oral argument and submitted their briefing. LAWS OF 2011, 1st Spec. Sess., ch. 40, § 4. In its present iteration, RCW 9.94A.729(5)(a) provides:

A person who is eligible for earned early release as provided in this section and who will be supervised by the department pursuant to RCW 9.94A.501 [allowing DOC to supervise certain offenders sentenced to community custody under RCW 9.94A.701 or RCW 9.94A.702] or section 3 of this act [allowing DOC to supervise offenders sentenced to probation], shall be transferred to community custody in lieu of earned release time.

Citing to the former version of the statute, Franklin contends that RCW 9.94A.729 simply instructs DOC as to when community custody begins and does not authorize the sentencing court to impose community custody in lieu of earned release. In contrast, he argues, only RCW 9.94A.701 and RCW 9.94A.702 (which governs community custody for offenders sentenced to one year or less of confinement) authorize the sentencing court to impose community custody. *Cf.* RCW 9.94A.505(2)(a)(ii) (indicating that "the court shall impose" community custody pursuant to RCW 9.94A.701 and .702). Accordingly, Franklin urges this court to overturn *State v. Winkle*, 159 Wn. App. 323, 330, 245 P.3d 249 (2011), in which the Court of Appeals held that former RCW 9.94A.729(5)(a) (2010) allowed the trial court to impose a term of community custody in lieu of earned release.

The plain meaning of the relevant statutes support Franklin's contention that RCW 9.94A.701 and RCW 9.94A.702—not RCW 9.94A.729—govern the trial court's imposition of community custody at the time of sentencing. However, this case requires us to determine the *postsentencing* relief to which Franklin is entitled, and thus, we need not address the continuing validity of *Winkle*, 159 Wn. App. 323.

that *Brooks* is no longer controlling, since it was decided before the 2009 amendments took effect and relied on former RCW 9.94A.715.

¶14 As Franklin correctly notes, we directly addressed the amendments to RCW 9.94A.701 in *Brooks*, albeit in dicta.

> Having reviewed the upcoming amendments, it appears the legislature has addressed the very questions we are asked to answer in this case. . . .
>
> . . . .
>
> Despite the upcoming changes, we address the issues raised here in order to resolve the conflict between the divisions of the Court of Appeals and to give guidance to trial courts as they await the amendment to take effect.

166 Wn.2d at 672 n.4 (citation omitted). This court has not addressed the continuing applicability of *Brooks* in light of RCW 9.94A.701(9), and the Court of Appeals is divided on the issue. For example, after this court granted review in *Linerud* and remanded to the Court of Appeals for reconsideration in light of *Brooks*, Division One reinstated its previous order remanding to the trial court to reduce the term of community custody. *Linerud*, 2010 WL 6961, at *1, 2010 Wash. App. LEXIS 18, at *2. In an unpublished opinion, the court reasoned that the legislature's passage of RCW 9.94A.701(9) demonstrated that the legislature "agreed" with its original holding that Linerud's sentence was indeterminate, despite the notation capping the total sentence at the statutory maximum. *Id.*

¶15 Division Two reached the opposite conclusion in another unpublished opinion, *State v. Zwart*, noted at 156 Wn. App. 1050, 2010 WL 2737173, at *1, 2010 Wash. App. LEXIS 1467, at *2. There, the court held that RCW 9.94A.701(9) did not conflict with *Brooks*, because a notation limiting the total length of the sentence to the statutory maximum satisfied the requirements of the new statutory provision. *Id.*

¶16 Similarly, the State argues that by its terms, RCW 9.94A.701(9) does not preclude a notation of the type we upheld in *Brooks* because the statute applies only when "an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021." RCW 9.94A.701(9). Here, the State argues, the notation ensures that the combined terms of confinement and community custody do *not* exceed the statutory maximum.

¶17 The State is correct that the *Brooks* notation ensures that Franklin's sentence will not exceed the statutory maximum. However, the issue is whether the amendments to RCW 9.94A.701 apply retroactively to Franklin and, if so, whether Franklin must be resentenced accordingly or, alternatively, whether DOC has the authority to reduce the term of community custody by recalculating its termination date.

¶18 While statutory amendments generally apply only prospectively, an amendment may apply retroactively "if the Legislature so intended." *In re F.D. Processing, Inc.*, 119 Wn.2d 452, 460, 832 P.2d 1303 (1992). We may look to sources other than the statutory text, such as the legislative history, to determine whether the legislature intended the amendment to apply retroactively. *Id.*

¶19 The session law enacting RCW 9.94A.701(9) includes an express retroactivity provision.

> This act applies retroactively and prospectively regardless of whether the offender is currently on community custody or probation with the department, currently incarcerated with a term of community custody or probation with the department, or sentenced after the effective date of this section.

LAWS OF 2009, ch. 375, § 20.[9] Thus, we conclude that the 2009 amendments apply retroactively to Franklin.

---

[9] This provision of the session law was not codified. However, this fact does not alter its effectiveness. *See* RCW 1.08.017(1) ("The reviser may omit from the code all titles to acts, enacting and repealing clauses, preambles, declarations of

¶20 Next, we consider how this retroactivity provision operates with regard to Mr. Franklin. As noted, Franklin argues that the language added in RCW 9.94A.701(9) must be read as requiring a trial court to reopen sentencing proceedings and retroactively reduce a previously imposed term of community custody whenever the combination of the standard range term and the community custody term exceeds the statutory maximum for the crime.[10] Franklin is incorrect. When read in the context of the entire section, it is clear that this directive applies only to the court's calculation of the community custody term when it first imposes the sentence.

¶21 Indeed, carried to its logical extension, Franklin's interpretation of RCW 9.94A.701 leads to absurd results. Not only would Franklin's reading compel sentencing courts to retroactively reduce previously imposed terms of community custody in line with the statutory maximum, but it also would require trial courts to resentence every offender in Washington who was sentenced to a variable— but perfectly lawful—term of community custody prior to the 2009 amendments and who is currently incarcerated or serving community custody.

¶22 Instead, section 9 of ESSB 5288 explicitly addresses the manner in which retroactivity operates for defendants who were sentenced before the amendments took effect. Specifically, the legislature charged DOC—not the sentencing court—with bringing preamendment sentences into compliance with the amendments.

---

emergency, severability, and validity and construction sections unless, in a particular instance, it may be necessary to retain such to preserve the full intent of the law. The omission of validity or construction sections is not intended to, nor shall it change, or be considered as changing, the effect to be given thereto in construing legislation of which such validity and construction sections were a part.").

[10] See RCW 9.94A.701(9) ("The term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021.").

The department of corrections shall recalculate the term of community custody and reset the date that community custody will end for each offender currently in confinement or serving a term of community custody for a crime specified in RCW 9.94A.701. That recalculation shall not extend a term of community custody beyond that to which an offender is currently subject.

LAWS OF 2009, ch. 375, § 9.[11] In accordance with this section, the DOC must reset the end date for Franklin's terms of community custody for counts I and III, ensuring that Franklin's total sentence does not exceed that imposed in the judgment and sentence.

¶23 Specifically, section 9 requires the DOC to recalculate the terms of community custody in accordance with the fixed terms established in RCW 9.94A.701(1)-(3) for all offenders who were sentenced prior to the 2009 amendments. Under the new scheme, Franklin is subject to fixed terms of 12 months of community custody for both counts I and III.[12] In addition, Franklin's total sentence is still subject to the *Brooks* notation in his original sentence. Thus, if Franklin were to serve the full terms of confinement for counts I and III, he would not serve additional terms of community custody, but if he were subject to early release, he would serve up to 12 months of community custody for each of these offenses. *See* RCW 9.94A.729(5)(a) (allowing the DOC to transfer offenders to community custody in lieu of earned release). In light of the possibility that Franklin will not serve the full term of confinement, the DOC need not eliminate his term of community custody at the outset, but rather, may wait until Franklin is released from confinement

---

[11] Notably, neither party discussed this provision in its original briefing. The court requested and received supplemental briefing on the impact of Laws of 2009, chapter 375, section 9 on Franklin's claims.

[12] Assault in the third degree (count I) is a crime against persons under RCW 9.94A.411(2)(a) and thus is punishable by 12 months of community custody. RCW 9.94A.701(3)(a). Possession of cocaine with intent to deliver (count III) is a felony offense under chapter 69.50 RCW and thus is also punishable by 12 months of community custody. RCW 69.50.401(1)-(2)(a), .101(r)(4)-(6); RCW 9.94A.701(3)(c).

and then, if necessary, adjust the term of community confinement to ensure that the total remains within the statutory maximum.

¶24 While the DOC has an explicit obligation under ESSB 5288 to reset the termination dates for terms of community custody imposed prior to the effective date of the amendments, sentencing courts have no such duty with respect to sentences imposed under preexisting legislation. As the State aptly notes, RCW 9.94A.701(9) applies by its terms to the "term of community custody specified by this section." Accordingly, RCW 9.94A.701(9) operates only when a sentencing court is imposing a sentence pursuant to RCW 9.94A.701 in the first instance. In this case, the trial court did not impose a term of community custody "specified by this section" because RCW 9.94A.701 in its amended form did not yet exist. Instead, the court relied on provisions allowing variable terms of community custody that controlled at the time of Franklin's sentencing. *See* former RCW 9.94A.715 (2008). Thus, RCW 9.94A.701(9) does not apply.

¶25 In sum, for individuals sentenced before the effective date of ESSB 5288, the responsibility lies with DOC—not the sentencing court—to bring preamendment terms of community custody into compliance with the new sentencing requirements by adjusting the end date for community custody. Consequently, Franklin is not entitled to resentencing.

¶26 In his second supplemental brief addressing ESSB 5288, section 9, Franklin acknowledges, as he must, that "[i]n order to carry out the retroactivity provision without resentencing every offender already sentenced to community custody, the legislature directed DOC to recalculate their term of community custody in accordance with RCW 9.94A.701." Second Suppl. Br. of Pet'r at 1-2. However, he apparently believes that he is entitled to resentencing by the trial court nevertheless because "the trial court is ultimately responsible for ensuring that a proper sentence

is imposed." *Id.* at 2. We disagree. Because Franklin does not contend that the DOC has neglected to recalculate the end date for his terms of community custody in accordance with ESSB 5288, section 9, he has no reason to look to the trial court as the ultimate authority on this matter.

¶27 Finally, we note that the DOC's responsibilities under section 9 of ESSB 5288 are well within its realm of authority. In a statement of additional authorities, Franklin directs our attention to *In re Personal Restraint of Davis*, 67 Wn. App. 1, 9, 834 P.2d 92 (1992), in which the Court of Appeals held that "community placement," which includes community custody, "must be imposed by the court, not DOC." The legislative directive requiring the DOC to reset the end date for community custody—a purely ministerial function—does not conflict with *Davis* because it does not empower the DOC to intrude on the province of the courts by imposing new terms of community custody. *See* LAWS OF 2009, ch. 375, § 9. Indeed, the legislature explicitly prohibits the DOC from "extend[ing] a term of community custody beyond that to which an offender is currently subject." *Id.*

## CONCLUSION

¶28 We conclude that while the 2009 amendments apply retroactively, the legislature charged the DOC, not the sentencing court, with bringing terms of community custody into compliance with the amendments. Thus, we affirm the Court of Appeals decision.

C. JOHNSON, ALEXANDER, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, STEPHENS, and WIGGINS, JJ., concur.