FILED
COURT OF APPEALS
DIVISION II

2014 FEB -4 AM 9: 18

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

STATE OF WASHINGTON,

　　　　　　　　　　Respondent,

v.

THOMAS A. COLE,

　　　　　　　　　　Appellant.

No. 43753-8-II

UNPUBLISHED OPINION

BJORGEN, J. — Following a bench trial, the trial court found Thomas Cole guilty of failure to register as a sex offender. Cole appeals his sentence, asserting that the trial court erred (1) by finding that he had the present or future ability to pay legal financial obligations (LFOs), and (2) by imposing a variable term of community custody. In accord with our decision in *State v. Blazina*, 174 Wn. App. 906, 301 P.3d 492, *review granted*, 178 Wn.2d 1010 (2013), we decline to address for the first time on appeal Cole's challenge to the trial court's finding that he had a present or likely future ability to pay his LFOs. With regard to Cole's community custody claim, we accept the State's concession that the trial court erred by imposing a variable term of community custody, and we remand for a correction of Cole's sentence consistent with this opinion.

## FACTS

In 2006, Cole was convicted of first degree child rape, which triggered RCW 9A.44.130's sex offender registration requirements. On February 7, 2012, the State charged Cole with one count of failure to register as a sex offender. After Cole waived his jury trial right,

1

his case proceeded to a bench trial on June 28, 2012. The trial court found Cole guilty of his charged offense.

At Cole's sentencing hearing, the trial court stated that it would waive imposing court costs based on Cole's "very limited income," but that it would impose a mandatory $500 crime victim assessment fee, a mandatory $100 deoxyribonucleic acid (DNA) collection fee, and a $500 Department of Assigned Counsel recoupment fee. Report of Proceedings (RP) (Jul. 20, 2012) at 11 The trial court sentenced Cole to a low-end standard range sentence of 17 months of incarceration with a 0-36 month community custody term "not to exceed [the] statutory max[imum]." RP (July 20, 2012)) at 10. Cole timely appeals his sentence.

## ANALYSIS

### I. LFOs

Cole first contends, for the first time on appeal, that the trial court erred by finding that he had a present or future ability to pay a $500 assigned counsel recoupment fee.[1] Specifically, Cole challenges the following preprinted boilerplate language in his judgment and sentence:

> ABILITY TO PAY LEGAL FINANCIAL OBLIGATIONS. The court has considered the total amount owing, the defend[ant]'s past, present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change. The court finds that the defendant has the ability or likely future ability to pay the legal financial obligations imposed herein. RCW 9.94A.753.

Clerk's Papers (CP) at 26.

In *Blazina*, 174 Wn. App. at 911-12, the defendant challenged this same boilerplate language, arguing, as Cole does here, that the evidence before the trial court did not support the

---

[1] Cole does not challenge the trial court's imposition of the mandatory $500 crime victim fee or the mandatory $100 DNA collection fee.

trial court finding that he had a present or future ability to pay LFOs. We declined to reach the merits of Blazina's argument, however, because he did not object to this finding at sentencing. *Blazina*, 174 Wn. App. at 911-12. As in *Blazina*, here Cole did not object at sentencing to the trial court's finding that he had a present or future ability to pay LFOs. 174 Wn. App. at 311-12. Accordingly, we decline to reach the merits of Cole's argument on this issue.

## II. COMMUNITY CUSTODY

Next, Cole contends that the trial court erred by imposing a variable term of community custody. The State concedes error. We accept the State's concession and remand for a correction of Cole's sentence consistent with this opinion.

RCW 9.94A.701 provides in relevant part:

(1) If an offender is sentenced to the custody of the department for one of the following crimes, the court shall, in addition to the other terms of the sentence, sentence the offender to community custody for three years:
      (a) A sex offense not sentenced under RCW 9.94A.507;
. . . .
      (9) The term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021.

Under RCW 9.94A.701, "a court may no longer sentence an offender to a variable [community custody] term [that is] contingent on the amount of earned release but instead, it must determine the precise length of community custody at the time of sentencing." *State v. Franklin*, 172 Wn.2d 831, 836, 263 P.3d 585 (2011).[2] Here, Cole was convicted of failure to

---

[2] Before 2009, the trial court could order variable terms of community custody under former RCW 9.94A.715 (2006). *Franklin*, 172 Wn.2d at 835. In 2009, the legislature removed language permitting variable terms of community custody. *Franklin*, 172 Wn.2d at 835-36.

register as a sex offender, a sex offense not sentenced under RCW 9.94A.507. Thus, his conviction was subject to RCW 9.94A.701(1)(a)'s provision requiring a 3-year term of community custody.[3] Here the trial court imposed a 0-36 month term of community custody "not to exceed [the] statutory max[imum]." CP at 29. This variable community custody term does not comport with RCW 9.94A.701. *Franklin*, 172 Wn.2d at 836. Accordingly, we remand to the trial court to issue a corrected judgment and sentence consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJØRGEN, J.

We concur:

WORSWICK, C.J.

JOHANSON, J.

---

[3] Because Cole's 17-month confinement term when combined with a 3-year community custody term does not exceed the 5-year statutory maximum sentence for his offense, RCW 9.94A.701(9)'s reduction provision does not apply and, thus, the trial court was required to impose a fixed 3-year term of community custody. *See* RCW 9A.44.132(a)(ii); RCW 9A.20.021(c).