IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31556-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| IGNACIO JUNIOR SALAZAR, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Ignacio Salazar asks this court to vacate two provisions of his sentence: legal financial obligations (LFOs) and a variable term of community custody. We decline the first request with the qualification that Salazar may challenge the LFOs, if and when the State attempts to enforce the obligations. We grant his request to vacate the variable term of community custody and remand for imposition of a fixed term.

## PROCEDURE

The State of Washington charged Ignacio Salazar with: two counts of delivering a controlled substance, both with school bus zone enhancements; one count of possession with intent to manufacture or deliver a controlled substance; and one count of possession of a controlled substance. During Salazar's trial, the State and Salazar negotiated a plea. Salazar entered an Alford plea to one charge of delivery of a controlled substance without the school bus zone enhancement. *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160,

27 L. Ed. 2d 162 (1970). The standard range for the one count was 60 to 120 months' confinement, given Salazar's offender score. In exchange for Salazar's plea, the State dismissed the other counts and agreed to recommend a 36-month exceptional sentence. Accepting the State's recommendation, the court sentenced Salazar to 36 months' confinement.

At sentencing, the trial court imposed LFOs. Salazar's counsel objected, stating: "Mr. Salazar isn't going to be able to pay this back anyway, Your Honor, he's going into federal custody. I don't see why we should saddle him with a debt that he's not going to be able to pay." Report of Proceedings (Mar. 27, 2013) at 8. The court reviewed a cost bill during a recess, adjusted some figures downward, and then imposed LFOs totaling $7,042.28. The court ordered Salazar to pay up to $50 per month, taken from any earnings received while in custody, and imposed interest on the amount owed. The court did not find that Salazar has the present or future ability to pay LFOs.

The trial court also imposed community custody "for the longer of (1) the period of early release . . . or (2) the period imposed by court [of] 12 months." Clerk's Papers (CP) at 75.

## LAW AND ANALYSIS

### *LFOs*

On appeal, Ignacio Salazar first assigns error to imposition of LFOs without the

trial court considering his present or future ability to pay. RCW 10.01.160(3) provides:

> The court shall not order a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose.

Ignacio Salazar is correct that the trial court did not consider his present or future ability to pay LFOs. RCW 10.01.160(3) demands that the court shall *"take account* of the financial resources of the defendant and the nature of the burden that payment of costs will impose." (emphasis added); *State v. Curry*, 118 Wn.2d 911, 916, 829 P.2d 166 (1992). *Curry* observes that, while not required to make findings, "[t]he court is directed to *consider* ability to pay." *Curry*, 118 Wn.2d at 916 (emphasis added). "The State's burden for establishing whether a defendant has the present or likely future ability to pay discretionary legal financial obligations is a low one." *State v. Lundy*, 176 Wn. App. 96, 106, 308 P.3d 755 (2013). As *Lundy* observes, it has been deemed met by a single reference in a presentence report to the defendant describing himself as "'employable.'" *Id.* (internal quotation marks omitted) (quoting *State v. Baldwin*, 63 Wn. App. 303, 311, 818 P.2d 1116, 837 P.2d 646 (1991)). A trial court is prohibited from imposing legal financial obligations only when it appears from the record that there is no likelihood that the defendant's indigency will end. *Lundy*, 176 Wn. App at 99.

In response, the State argues that Ignacio Salazar is not an "aggrieved party" for

3

purposes of RAP 3.1. The State is also correct. Challenges to LFOs are not properly before this court until the State seeks to enforce them. *State v. Hathaway*, 161 Wn. App. 634, 651, 251 P.3d 253 (2011); *State v. Smits*, 152 Wn. App. 514, 524, 216 P.3d 1097 (2009). Because a person is not an "aggrieved party" under RAP 3.1 "until the State seeks to enforce the award of costs and it is determined that [the defendant] has the ability to pay," appellate review is inappropriate. *State v. Mahone*, 98 Wn. App. 342, 349, 989 P.2d 583 (1999); *see also State v. Blank*, 131 Wn.2d 230, 242, 930 P.2d 1213 (1997).

In *State v. Crook*, 146 Wn. App. 24, 27-28, 189 P.3d 811 (2008), this division held that "[m]andatory [d]epartment of [c]orrections deductions from inmate wages for repayment of legal financial obligations are not collection actions by the State requiring inquiry into a defendant's financial status." Thus, "[i]nquiry into the defendant's ability to pay is appropriate only when the State enforces collection under the judgment or imposes sanctions for nonpayment." *Crook*, 146 Wn. App. at 27.

After costs are imposed, a defendant who is not in contumacious default may petition the sentencing court for remission of the payment of all or part of them. RCW 10.01.160(4). Due process precludes the jailing of an offender for failure to pay a fine if the offender's failure to pay was due to his or her indigence; while the burden is on the offender to show that his nonpayment is not willful, "due process still imposes a duty on

the court to inquire into the offender's ability to pay . . . at 'the point of collection and when sanctions are sought for nonpayment.'" *State v. Nason*, 168 Wn.2d 936, 945, 233 P.3d 848 (2010) (citation omitted) (quoting *Blank*, 131 Wn.2d at 242).

Here, the court ordered Salazar to pay up to $50 per month from his department of correction wages towards his LFOs. But there is no evidence that the State has otherwise sought to enforce collection or impose sanctions for nonpayment. If and when the State seeks to collect, Salazar may petition the court for remission under RCW 10.01.160(4), which states:

> A defendant who has been ordered to pay costs and who is not in contumacious default in the payment thereof may at any time petition the sentencing court for remission of the payment of costs or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the defendant's immediate family, the court may remit all or part of the amount due in costs, or modify the method of payment under RCW 10.01.170.

The denial or granting of that motion would warrant appellate review.

*Variable Term of Community Custody*

The trial court imposed community custody "for the longer of (1) the period of early release . . . or (2) the period imposed by court [of] 12 months." CP at 75. Ignacio Salazar contends the sentencing court exceeded its statutory authority when it imposed a variable term of community custody. The State concedes this error, citing *State v. Franklin*, 172 Wn.2d 831, 836, 263 P.3d 585 (2011).

"A trial court may only impose sentences that statutes authorize." *State v. Albright*, 144 Wn. App. 566, 568, 183 P.3d 1094 (2008). This court reviews issues of statutory construction de novo as a question of law. *State v. Wilson*, 170 Wn.2d 682, 687, 244 P.3d 950 (2010).

Previously, a court could impose a variable term of community custody under RCW 9.94A.715. But our legislature repealed RCW 9.94A.715 in 2008 in favor of fixed terms of community custody. LAWS OF 2008, ch. 231, § 57; LAWS OF 2009, ch. 28, § 42. Under the amended statute, RCW 9.94A.701(1)-(3), a court may no longer sentence an offender to a variable term of community custody contingent on the amount of earned release but instead, it must determine the precise length of community custody at the time of sentencing. *Franklin*, 172 Wn.2d at 836. Ignacio Salazar's contingent sentence, the longer of the period of early release or 12 months, violates RCW 9.94A.701.

## CONCLUSION

We refuse to review the imposition of LFOs at this time, but reserve for Ignacio Salazar the right to challenge the obligations if and when the State seeks to enforce the obligations. We remand with instructions for the trial court to strike the variable term of community custody.

No. 31556-8-III
*State v. Salazar*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____        _____
Brown, A.C.J.                                              Lawrence-Berrey, J.