FILED
COURT OF APPEALS
DIVISION II

2015 JAN 13 AM 11: 15

STATE OF WASHINGTON

BY_____
DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45107-7-II |
| Respondent, | consolidated with |
| v. | |
| BRYANT D. MORGAN, | |
| Appellant, | |
| STATE OF WASHINGTON, | No. 45127-1-II |
| Respondent, | |
| v. | |
| ANDRE T. PARKER, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Bryant Morgan and Andre Parker appeal from the sentences imposed following their resentencing on convictions for attempted murder in the first degree. Morgan argues that the trial court should not have conditioned the term of community custody on earned early release credit. Parker argues he was denied counsel of his choice. Because they raise unrelated issues, we discuss each separately. We affirm, but remand Morgan's sentence to correct the community custody notation.

MORGAN

In its July 2, 2013 judgment and sentence after remand, the trial court imposed a standard range sentence of 350 months confinement, including a 60-month firearm enhancement. It also imposed the following term of community custody:

(A) The defendant shall be on community custody for the longer of:
(1) the period of early release. RCW 9.94A.728(1)(2), or
(2) the period imposed by the court, as follows:
Count(s) I 36 months for Serious Violent Offenses

Morgan Clerk's Papers (Morgan CP) at 112.

Morgan argues that the trial court erred in linking the duration of his community custody to his period of early release. Until a 2009 amendment,[1] former RCW 9.94A.715(1) (2006) permitted the trial court to impose a term of community custody of "the community custody range established under RCW 9.94A.850 or up to the period of earned release awarded pursuant to RCW 9.94A.728(1) and (2), whichever is longer." *State v. Franklin*, 172 Wn.2d 831, 835, 263 P.3d 585 (2011). But as a result of that amendment, and because the trial court imposed a standard range sentence in this case, it is required to impose a fixed term of community custody. *Franklin*, 172 Wn.2d at 836. The State concedes that the judgment and sentence should be remanded to delete the phrase "the period of earned early release" and the citation to "RCW 9.94A.728(1)(2)" from Morgan's term of community custody. Resp't's Br. at 8. We accept the State's concession and remand for correction of Morgan's judgment and sentence to delete the phrase "the period of earned early release."

## PARKER

When Parker appeared for resentencing on July 2, 2013, he was represented by appointed counsel Edward Jursek. Jursek noted that Barbara Corey, who had represented Parker on appeal, was present and that Parker wanted to retain Corey to represent him at resentencing. Corey stated that she had not known of Parker's interest in retaining her until the prior day. She wanted to brief an issue and to have the opportunity to talk with Parker before resentencing, so she requested a

---

[1] Repealed by LAWS OF 2009, ch. 28, § 42 (effective Aug. 1. 2009).

brief continuance. The State opposed a continuance. When the trial court stated that it was not inclined to continue the resentencing, Corey replied:

> I'm not prepared to represent him. If you're granting—I would not be effective at this point. I would not be able to give him constitutionally effective representation. I don't believe that Mr. Jursek would as well, and that's what he told me. So we are put in a position of me not being able to provide constitutionally effective representation, and I don't believe I would confidently as well. So I am, I guess, declining to—I would love to represent my client. I've represented him before, but I cannot provide constitutionally effective representation, if I can't brief this issue and argue before the Court. I would, I guess, ask—I would decline to represent him at this point, if I can't pursue that issue.

Parker Report of Proceedings (Parker RP) (Jul. 2, 2013) at 6.

The court then continued the resentencing for three days, saying:

> Well, Mr. Jursek was appointed on June 10 to represent Mr. Parker, so he's counsel. I will set it over for Friday afternoon [July 5] at 1:30 for resentencing. If Ms. Corey wants to substitute in, then she needs to be able to represent him competently.

Parker RP (Jul. 2, 2013) at 6.

Corey did not file a notice of appearance, and did not appear for resentencing on July 5.

At the resentencing, attorney Matthew McGowan appeared on Jursek's behalf, stating:

> For the record, Matthew McGowan for attorney of record Jursek with Mr. Parker. For the record, it's Mr. Parker's position that he would prefer not to continue this hearing today. But, in all candor, it does appear that there are a number things up in the air here. It appears that Mr. Parker is in the process of retaining Barbara Corey, who he believed would be here today. He also has a motion that he would like to make to the Court that is outside of today's already set up hearing.
> I am prepared to move forward with the sentencing, the resentencing based on the information in the memorandums that was filed with the Court by Mr. Jursek, but beyond that, I have no additional information.

Parker RP (Jul. 5, 2013) at 3. The trial court proceeded with Parker's resentencing.

3

The trial court rejected Parker's argument that the firearm enhancement should be dismissed because his conviction for unlawful possession of a firearm in the first degree had been vacated by this court. The trial court imposed a sentence of 351 months, including a 60-month firearm enhancement.

Parker now argues that he was denied his Sixth Amendment right to be represented by retained counsel of his preference. *Wheat v. United States*, 486 U.S. 153, 158-59, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988). And he argues that this denial constitutes structural error requiring reversal. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006). However, Parker does not demonstrate that the trial court denied him the right to be represented by Corey. The court set over the resentencing for three days to allow Parker's attorney of choice to enter the case. However, Corey did not file a notice of appearance during those three days. She was not present at the resentencing. And Parker's appointed counsel at the resentencing stated that Parker wished to proceed with resentencing. Parker had the opportunity to be represented by Corey. She apparently elected not to represent Parker.

We remand Morgan's judgment and sentence after remand for correction as addressed above. We otherwise affirm Parker's judgment and sentence after remand.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Worswick, P.J.

_____
Lee, J.