IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 80632-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| GREGORY W. CHAPMAN, | ) | |
| | ) | FILED: January 21, 2020 |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Gregory Chapman appeals the trial court's denial of his motion to vacate his sentence and resentence with a fixed term of community custody. Because the court sentenced Chapman before the legislature amended the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, to require fixed terms of community custody and because the Department of Corrections (DOC) has the authority to fix preamendment sentences, the trial court did not abuse its discretion when it denied Chapman's motion to vacate and resentence.

Therefore, we affirm.

## FACTS

In 2001, a jury convicted Chapman of second degree assault with a deadly weapon (count I), second degree assault with a firearm (count II), first degree kidnapping with a firearm (count III), first degree extortion (count IV), and second

degree unlawful possession of a firearm (count V). The court sentenced Chapman to 306 months of total confinement. The court also imposed a community custody range of 18 to 36 months for counts I, II, and IV and a community custody range of 24 to 48 months for count III.[1]

In 2016, Chapman filed a CrR 7.8 motion to vacate his sentence and resentence with a fixed term of community custody. He argued that the total term of confinement combined with the potential community custody range exceeded the statutory maximum for his crimes. The State agreed but argued the court did not have the authority to vacate and resentence. The court denied Chapman's motion to vacate and resentence but amended the judgment and sentence:

> As regards each count for which a sentence has been imposed herein, the combination of the period of confinement and the period of community custody served by the defendant for that count shall not exceed the statutory maximum penalty for the crime set forth in that count. Specifically, as regards Count 1, Assault in the Second Degree While Armed with a Deadly Weapon, and Count 2, Assault in the Second Degree While Armed with a Firearm, the Washington State Department of Corrections shall adjust the end date for the periods of community custody to be served by the defendant for each of those counts to conform with the statutory maximum punishment of 120 months (ten years), depending on the amount of confinement the defendant has actually served at the point he is released from confinement.[2]

Chapman appeals.

---

[1] Note: In July 2008, the court amended the judgment to remove Chapman's conviction for first degree extortion (count IV). The total confinement and community custody range remained the same.

[2] Clerk's Papers (CP) at 37.

ANALYSIS

I. Motion to Vacate

Chapman contends the trial court had the discretion to resentence with a fixed term of community custody. He argues the court's failure to exercise that discretion was an abuse of discretion.

We review a trial court's decision on a motion to vacate for abuse of discretion.[3] "A trial court abuses its discretion when it bases its decision on untenable grounds or reasons."[4]

In In re Personal Restraint Petition of Brooks,[5] our Supreme Court addressed the proper remedy when the total term of confinement combined with the potential community custody range exceeds the statutory maximum. The court considered differing approaches from the Court of Appeals.[6] Brooks was originally

---

[3] State v. Zavala-Reynoso, 127 Wn. App. 119, 122, 110 P.3d 827 (2005).

[4] Id.

[5] 166 Wn.2d 664, 211 P.3d 1023 (2009).

[6] Brooks, 166 Wn.2d at 669-671. In 2004, Division One "required that sentencing courts state explicitly on the judgment and sentence 'that the total [term] of incarceration and community custody cannot exceed [the] maximum.'" Brooks, 166 Wn.2d at 670 (alterations in original) (quoting State v. Sloan, 121 Wn. App. 220, 224, 87 P.3d 1214 (2004)). In 2008, Division One changed its approach and "directed the sentencing court to resentence [the defendant] to a definite term that specified both the amount of confinement and the amount of the community custody to be served under the statutory maximum." Brooks, 166 Wn.2d at 670 (citing State v. Linerud, 147 Wn. App. 944, 951, 197 P.3d 1224 (2008)). In 2005, Division Three "determined that a sentence imposing a term of confinement and community custody that had the potential to exceed the statutory maximum was invalid on its face, vacated the sentence, and remanded it back to the trial court for resentencing." Brooks, 166 Wn.2d at 670-71 (citing Zavala-Reynoso, 127 Wn. App. at 121). And Division Three "found that an amended sentence was the appropriate remedy" and "also indicated that either an amended sentence or a

sentenced to a term of confinement and a community custody range that exceeded the statutory maximum. The trial court entered an order "clarifying that Brooks's period of total confinement and community custody together could not exceed the . . . statutory maximum."[7] Before our Supreme Court, Brooks argued the amended sentence still exceeded the statutory maximum. The court held:

> [W]hen a defendant is sentenced to a term of confinement and community custody that has the potential to exceed the statutory maximum for the crime, <u>the appropriate remedy is to remand to the trial court to amend the sentence and explicitly state that the combination of confinement and community custody shall not exceed the statutory maximum.</u>[8]

In <u>Brooks</u>, our Supreme Court acknowledged the legislature had recently amended the SRA and "addressed the very questions we are asked to answer in this case."[9] The legislature repealed the provision that allowed the sentencing court to impose a community custody range and amended RCW 9.94A.701(8) to provide:

> The term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021.[10]

---

vacation and remand for resentencing are equally appropriate remedies in these circumstances." <u>Brooks</u>, 166 Wn.2d at 671 (citing <u>State v. Torngren</u>, 147 Wn. App at 566; <u>State v. Hibdon</u>, 140 Wn. App. 534, 538, 166 P.3d 826 (2007)).

[7] <u>Brooks</u>, 166 Wn.2d at 667.

[8] <u>Id.</u> at 675 (emphasis added).

[9] <u>Id.</u> at 672 n.4.

[10] LAWS OF 2009, ch. 375, § 5.

4

Despite the amendment, our Supreme Court addressed the issue in Brooks "in order to resolve the conflict between the Courts of Appeals and to give guidance to trial courts as they await the amendment to take effect."[11]

In State v. Franklin,[12] our Supreme Court addressed the retroactivity of the 2009 amendments, specifically RCW 9.94A.701(9).[13] In February 2008, the trial court sentenced Franklin to a term of confinement. In June 2008, the court amended the sentence to include a community custody range. In September 2008, the court again amended Franklin's sentence to add a Brooks notation "to ensure that the time the defendant spends in confinement and on community custody does not exceed the statutory maximum."[14]

On appeal, Franklin argued Brooks was no longer controlling "since it was decided before the 2009 amendments took effect."[15] The court acknowledged "that the Brooks notation ensures that Franklin's sentence will not exceed the statutory maximum."[16] "However, the issue is whether the amendments to RCW 9.94A.701 apply retroactively to Franklin and, if so, whether Franklin must be resentenced accordingly or, alternatively, whether DOC has the authority to

---

[11] Brooks, 166 Wn.2d at 672 n.4.

[12] 172 Wn.2d 831, 263 P.3d 585 (2011).

[13] RCW 9.94A.701(9) was originally codified as subsection (8) and later renumbered by Laws of 2010, ch. 224, § 5.

[14] Franklin, 172 Wn.2d at 834.

[15] Id. at 837-38.

[16] Id. at 839.

reduce the term of community custody by recalculating its termination date."[17]
Because the legislature expressly provided that the amendment would apply
retroactively, our Supreme Court "conclude[d] that the 2009 amendments apply
retroactively to Franklin."

But the court ultimately determined that the retroactive application of
RCW 9.94A.701(9) does not require the trial court to reopen sentencing
proceedings and reduce a previously imposed term of community custody
"whenever the combination of the standard range term and the community custody
term exceeds the statutory maximum for the crime."[18] Rather, our Supreme Court
concluded "this directive applies only to the court's calculation of the community
custody term when it first imposes the sentence."[19] Under the 2009 amendments,
DOC is charged with bringing pre-2009 sentences into compliance with the
amendments.[20]

Because Chapman was sentenced before the effective date of the 2009
amendments, the responsibility lies with DOC, not the sentencing court, to bring
his preamendment sentence into compliance with the new requirements:

---

[17] Id.

[18] Id. at 840.

[19] Id. (emphasis added).

[20] Id. at 841 (quoting LAWS OF 2009, ch. 375, § 9) ("The department of corrections shall recalculate the term of community custody and reset the date that community custody will end for each offender currently in confinement or serving a term of community custody for a crime specified in RCW 9.94A.701. That recalculation shall not extend a term of community custody beyond that to which an offender is currently subject.").

In sum, for individuals sentenced before the effective date of ESSB 5288, the responsibility lies with DOC—not the sentencing court—to bring preamendment terms of community custody into compliance with the new sentencing requirements by adjusting the end date for community custody. Consequently, Franklin is not entitled to resentencing.[21]

We conclude the trial court did not have the authority to vacate and resentence.[22]

## II. Statement of Additional Grounds

RAP 10.10 permits a criminal defendant to file a pro se statement of additional grounds for review. "Reference to the record and citation to authorities are not necessary or required, but the appellate court will not consider a defendant's statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors."[23]

*a. Additional Ground No. 1*

In his statement of additional grounds, Chapman contends the community custody conditions are ambiguous because "the wording used (in 2 separate and distinct entries), conflict and combined their signification seems doubtful and

---

[21] Id. at 842.

[22] See also In re Pers. Restraint of McWilliams, 182 Wn.2d 213, 218, 340 P.3d 223 (2014) (Brooks notation on judgment and sentence remains the appropriate remedy if a court imposes a sentence of confinement outside the standard range—and therefore not subject to RCW 9.94A.701—together with a sentence of community custody that, when combined, exceed the statutory maximum.)

[23] RAP 10.10(c).

uncertain in overall intent."[24] It appears Chapman is referring to the differences between the original community custody range and the amendment with the Brooks notation.[25] The addition of the Brooks notation does not render the judgment and sentence ambiguous.

    b. *Additional Ground No. 2*

Chapman also argues DOC's authority to ensure his sentence complies with the statutory maximum deprives him of "meaningful and unbias review of trial and related case facts . . . required for setting a just term of community custody."[26] Chapman argues DOC does not have the "inherent authority" to interpret the sentence imposed by the court or change the sentence imposed by the court.[27] But, as discussed above, in Franklin, our Supreme Court acknowledged DOC's authority to "recalculate the term of community custody and reset the date that community custody will end for each offender currently in confinement or serving a term of community custody."[28]

Chapman also argues DOC is not impartial because "DOC is a 3rd party which receives mon[e]t[a]ry compensation for the term set that the defendant

---

[24] SAG at 1.

[25] SAG at 2 ("Originally the court entered a term that exceed the Maximum Statutory Range allowed for this conviction; then entered an afternote that shifted computation of the term of C.C. length to a 3rd party, WA ST Dept of Corrections, (DOC).").

[26] SAG at 2.

[27] SAG at 3.

[28] Franklin, 172 Wn.2d at 841 (quoting LAWS OF 2009, ch. 375, § 9).

remains under supervision on [c]ommunity [c]ustody."[29]  But in <u>Franklin</u>, our Supreme Court acknowledged DOC does not have the authority to "extend a term of community custody beyond that to which an offender is currently subject."[30] Chapman does not establish a lack of impartiality.

Therefore, we affirm.

WE CONCUR:

---

[29] SAG at 2-3.
[30] <u>Franklin</u>, 172 Wn.2d at 841 (quoting LAWS OF 2009, ch. 375, § 9).