# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>MARLOW TODD EGGUM,<br><br>             Petitioner. | No. 81005-7-I (consol. with No. 81071-5-I)<br><br>ORDER GRANTING RECONSIDERATION, WITHDRAWING OPINION FILED ON AUGUST 24, 2020, AND REFERRING PETITION TO A PANEL |

Marlow Eggum filed a "Motion to Modify, Objection to Ruling" on August 31, 2020. Because he essentially seeks reconsideration of the per curiam opinion resolving his consolidated personal restraint petitions filed on August 24, 2020, we treat the motion as one for reconsideration. See RAP 12.4. Eggum correctly points out that this court dismissed his consolidated petitions without addressing his claim regarding the term of community custody imposed in Whatcom County Superior Court Cause No. 05-1-01094-3. Therefore, the motion is granted and this court's opinion filed on August 24, 2020 is hereby withdrawn.

Based on the records and files before this court, and the State's concession of error with regard to the term of community custody imposed in Whatcom County Superior Court Cause No. 09-1-00486-5, it appears that Eggum's petitions are not frivolous. Accordingly, Eggum's consolidated petitions are referred to a panel of judges for review and consideration. See RAP 16.11(b).

Now, therefore, it is hereby

ORDERED that Eggum's motion for reconsideration is granted; and it is further

ORDERED that this court's per curiam opinion filed on August 24, 2020 is withdrawn; and it is further

ORDERED that Eggum's consolidated petitions are referred to a panel of this court for consideration on the merits.

_____ Verellen, J.

_____ Leach, J.          _____ Appelwick, J.

FILED
10/12/2020
Court of Appeals
Division I
State of Washington

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE**

In the Matter of the Personal Restraint of:　　　　　)
)
)
MARLOW TODD EGGUM,　　　　　)
)
　　　　　Petitioner.　　　　　)
)
_____)

No. 81005-7-I (consol. with
No. 81071-5-I)

UNPUBLISHED OPINION

PER CURIAM — In these consolidated personal restraint petitions, Eggum challenges terms of community supervision imposed in two Whatcom County Superior Court Causes. To be entitled to relief by means of a personal restraint petition, Eggum bears the burden to demonstrate that he is under restraint and that the restraint is unlawful. RAP 16.4; see also In re Pers. Restraint of Cashaw, 123 Wn.2d 138, 148-49, 866 P.2d 8 (1994); In re Pers. Restraint of Cook, 114 Wn.2d 802, 813, 792 P.2d 506 (1990).

As to Whatcom County Superior Court Cause No. 09-1-00486-5, Eggum challenges the 9 to 18 month term of community custody imposed on one count of felony harassment. Contrary to the language of Eggum's judgment and sentence, felony harassment is not included in the list of offenses designated as "crimes against persons." RCW 9.94A.411(2). And, as the Department observes, its supervision is not required under RCW 9.94A.501(4). The State appropriately concedes that the conviction does not fall within any category of eligibility for community custody under RCW 9.94A.701(1)-(3).

Accordingly, we grant Eggum's petition as to this claim and remand the matter to the sentencing court to strike the term of community custody imposed on his conviction of felony harassment.[1]

Eggum also challenges the Department's calculation of the term of community custody imposed on his two convictions of stalking in Whatcom County Superior Court Cause No. 05-1-01094-3. The essential facts are not in dispute. In 2007, Eggum pleaded guilty to two counts of stalking and one count of felony harassment. The court imposed an exceptional sentence of 72 months of confinement, and in accordance with the law at the time, imposed a 9 to 18 month variable term of community custody as to each count of stalking. See former RCW 9.94A.715(1) (2006) (requiring variable terms of community custody).

In 2009, the legislature amended the law with respect to community custody, replacing variable terms with fixed terms of 12, 18, and 24 months, depending on the crime. See LAWS OF 2009, ch. 375, § 5; former RCW 9.94A.701(1)-(3) (2009). The legislature indicated an intent to apply the amendment retroactively to individuals who were sentenced before 2009 and still incarcerated or serving terms of community custody. See LAWS OF 2009, ch. 375, § 20; see also LAWS OF 2008, ch. 231, § 6. The legislature specifically

---

[1] We note that the federal district court recently vacated Eggum's convictions of intimidation of a public servant and granted a certificate of appealability, see 28 U.S.C. § 2253(c)(3), allowing his appeal of a final district court order, as to his stalking conviction. See Eggum v. Holbrook, No. 2:14-cv-1328-RAJ, 2020 WL 3303085 (W.D. Wash. June 18, 2020). This decision does not appear to affect the validity of the felony harassment conviction upon which the sentencing court imposed the challenged term of community supervision. Therefore, this claim does not appear to be moot.

charged the Department with recalculating the terms of community custody for those in the Department's custody to bring the sentences into compliance with the new law. See LAWS OF 2009, ch. 375, § 9; see also State v. Franklin, 172 Wn.2d 831, 841-42, 263 P.3d 585 (2011). The Department thus recalculated the length of Eggum's community custody, replacing his variable terms with fixed terms of 12 months. See RCW 9.94A.701(3)(a).

In February 2019, this court granted Kenneth Alston's personal restraint petition challenging the retroactive application of the 2009 legislation. This court concluded that, as to an offender convicted and sentenced prior to the 2009 legislation, replacing a variable term of community custody with a fixed term set at the midpoint of the prior range, violated the prohibition against ex post facto laws. In re Pers. Restraint of Alston, 7 Wn. App. 2d 462, 472, 434 P.3d 1066 (2019). This court held that the retroactive change posed a sufficient risk of a higher sentence by entirely eliminating the opportunity to be free of custodial supervision before the midpoint of the prior variable range. Alston, 7 Wn. App. 2d at 472. In order to comply with the decision in Alston, the Department recalculated Eggum's community custody and reimposed the variable term set forth in the judgment and sentence.

This case is indistinguishable from Alston in all material respects. The Department therefore acted in accordance with the law as established in Alston when it reverted to the variable term of community custody that was required by law at the time of Eggum's conviction and sentence. Eggum argues that the Department's recalculation is unlawful under Alston because the Department

arbitrarily increased his punishment by tentatively scheduling the termination of his community custody term at the high end of the variable range. But, as this court recognized in Alston, the Department has "broad discretion as to the timing of release from a variable term of community custody." Alston, 7 Wn. App. 2d at 471. Nothing in Alston prohibits the Department from supervising Eggum until the term of community custody expires. And the record does not indicate that the Department has entirely eliminated the possibility that Eggum may be released at some earlier point. The evidence in the record suggests that the Department will establish criteria for eligibility for release and, if he meets the criteria, Eggum may be released before the scheduled release date.

Eggum fails to establish unlawful restraint with respect to the terms of community custody imposed on his stalking convictions in the 2005 cause.[2]

Accordingly, we grant Eggum's petition with respect to Whatcom County Superior Court Cause No. 09-1-00486-5 and remand the matter to the sentencing court to strike the term of community custody imposed on Count V, felony harassment. As to the claims raised pertaining to Whatcom County Superior Court Cause No. 05-1-01094-3, we deny the petition.

---

[2] Eggum has filed several motions in conjunction with these petitions including motions to appoint counsel, to expedite review, and to bifurcate. All of these motions are hereby denied. As Eggum has now been released from the custody of the Department, we also deny his request to stay based on alleged problems related to the delivery of legal mail and the Department's system for delivery of electronically filed court documents.

For the court:

_____
Verellen, J

_____
Leach, J.

_____
Appelwick, J.