[No. 22675-1-III.   Division Three.   April 21, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. ALFONSO ZAVALA-
REYNOSO, *Appellant*.

120

*William D. Edelblute*, for appellant.

*James L. Nagle, Prosecuting Attorney*, and *Gabriel E. Acosta, Deputy*, for respondent.

¶1 BROWN, J. — In 2001, Alfonso Zavala-Reynoso pleaded guilty to delivery of a controlled substance—cocaine. His

judgment and sentence shows a sentence of incarceration and community custody exceeding the maximum term. In 2003, he filed a CrR 7.8 motion to vacate his sentence as indefinite and based upon an incorrect offender score. The judge denied his request. He appeals, contending the sentencing court miscalculated his offender score and sentenced him outside the standard range. Mr. Zavala-Reynoso's application is untimely as to his offender score concerns, but his sentence exceeding the maximum term is facially invalid. Accordingly, we vacate the sentence as it exceeds the maximum term and remand for a new sentence.

## FACTS

¶2 On February 8, 2001, Mr. Zavala-Reynoso pleaded guilty to one count of delivery of a controlled substance—cocaine. Attached to his plea was a statement from the prosecutor, detailing Mr. Zavala-Reynoso's adult criminal history:

| Crime | Sentencing Date | Court County/State | Date of Crime |
|---|---|---|---|
| VUCSA[1]—Deliv. | 6/16/99 | Umatilla/OR | 2/17/98 |
| VUCSA—Poss. Meth. | 6/16/99 | Umatilla/OR | 9/29/98 |
| Felon Poss. Firearm | 6/16/99 | Umatilla/OR | 9/29/98 |
| VUCSA—Poss. Meth. | 7/13/98 | Umatilla/OR | 5/04/98 |
| VUCSA—Poss. Cocaine | 7/13/98 | Umatilla/OR | 5/04/98 |
| VUCSA—Deliv. | 10/23/92 | Los Angeles/CA | 3/19/92 |

Clerk's Papers (CP) at 74.

¶3 Mr. Zavala-Reynoso agreed the prosecutor's statement was correct and complete. He agreed the standard range listed in his plea agreement, 108-120 months, was based on his criminal history. Mr. Zavala-Reynoso was

---

[1] VUCSA: Violation of Uniform Controlled Substances Act.

sentenced to 114 months, plus community custody for "9-12 months or for the period of earned early release awarded pursuant to RCW 9.94A.150(1) & (2), whichever is longer . . . ." CP at 7.

¶4 On October 28, 2003, Mr. Zavala-Reynoso, pro se, filed a motion for resentencing under CrR 7.8(b)(4) and (5). The court denied his request, finding he was "correctly sentenced." CP at 41. This appeal followed.

## ANALYSIS

¶5 The issue is whether the trial court erred in denying Mr. Zavala-Reynoso's motion to vacate his sentence under CrR 7.8(b)(4) and (5) concerning his offender score calculation and maximum term claims.

■ ¶6 We review a trial court's CrR 7.8 ruling for an abuse of discretion. *State v. S.M.*, 100 Wn. App. 401, 409, 996 P.2d 1111 (2000). A trial court abuses its discretion when it bases its decision on untenable grounds or reasons. *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995). Under CrR 7.8(b)(4) and (5) a party can be relieved of a final judgment if the judgment is void or for "[a]ny other reason justifying relief from the operation of the judgment." Mr. Zavala-Reynoso contends his sentence is "void" because it was based on a miscalculated offender score and it exceeds the statutory maximum. The State responds Mr. Zavala-Reynoso's CrR 7.8 motion was time barred.

■ ¶7 CrR 7.8(b) requires motions under sections (4) and (5) to be brought "within a reasonable time." CrR 7.8(b)(4) relates to void judgments. A void judgment is one entered by a court " 'which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved . . . .' " *Dike v. Dike*, 75 Wn.2d 1, 7, 448 P.2d 490 (1968) (quoting *Robertson v. Commonwealth*, 181 Va. 520, 536, 25 S.E.2d 352 (1943)).

¶8 CrR 7.8(b)(5) permits a judgment to be vacated for "[a]ny other reason justifying relief." "A vacation under subsection (5) is limited to extraordinary circumstances not

covered by any other section of the rule." *State v. Cortez*, 73 Wn. App. 838, 841-42, 871 P.2d 660 (1994) (citing *State v. Brand*, 120 Wn.2d 365, 369, 842 P.2d 470 (1992)). Final judgments " 'may be vacated or altered only in those limited circumstances where the interests of justice most urgently require'. " *Cortez*, 73 Wn. App. at 842 (quoting *State v. Shove*, 113 Wn.2d 83, 88, 776 P.2d 132 (1989)). CrR 7.8(b)(5) does not apply when the circumstances alleged to justify the relief existed at the time the judgment was entered. *Cortez*, 73 Wn. App. at 842.

¶9 Regarding Mr. Zavala-Reynoso's offender score argument, he does not contest the court's jurisdiction or inherent power to sentence him. Additionally, Mr. Zavala-Reynoso requests relief based on circumstances that existed at the time he was sentenced. He even agreed to the criminal history and standard range sentence. Accordingly, his arguments do not fall within CrR 7.8(b)(4) or (5). His argument that the sentencing court miscalculated his offender score is based on alleged mistakes, which falls under CrR 7.8(b)(1) (relief from judgment on grounds of mistakes). CrR 7.8(b)(1) is governed by a one-year time limit. Since Mr. Zavala-Reynoso filed his CrR 7.8 motion two and one-half years after he was sentenced, his motion was untimely. Accordingly, the trial court did not err rejecting his offender score arguments as untimely.

¶10 Next, we consider Mr. Zavala-Reynoso's community custody argument as an attack on the sentencing court's power to sentence him in excess of the statutory maximum of 10 years. This argument is properly brought under CrR 7.8(b)(4). As such, Mr. Zavala-Reynoso had "a reasonable time" to bring his motion subject to RCW 10.73.090. CrR 7.8(b). RCW 10.73.090(1) provides, "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is *valid on its face* and was rendered by a court of competent jurisdiction." (Emphasis added.)

¶11 The term "valid on its face" has been interpreted to mean " 'without further elaboration.' " *In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 353, 5 P.3d 1240 (2000) (emphasis omitted) (quoting *State v. Ammons*, 105 Wn.2d 175, 188, 713 P.2d 719, 718 P.2d 796 (1986)). Here, Mr. Zavala-Reynoso's community custody term (9-12 months), plus his standard range sentence (114 months), exceeds his statutory maximum term. Thus, the total (123-136 months) on its face exceeds the 120 month maximum term.

¶12 Even so, the State argues because Mr. Zavala-Reynoso will likely receive good time credit, reducing his sentence, he may still not be incarcerated for the full standard range sentence. Therefore, the State reasons this issue is not ripe. We disagree. Viewed from the outset, the sentence exceeds the maximum term. Under the State's theory, if Mr. Zavala-Reynoso were required to wait for the happening of subsequent events to apply for relief under CrR 7.8, he would seemingly lose or severely diminish his opportunity to secure meaningful relief under CrR 7.8 or RCW 10.73.090. And, if Mr. Zavala-Reynoso does earn credits against his standard range sentence, he has in a sense served his sentence. Given all, we conclude the issue is properly before us.

¶13 Under RCW 9.94A.505(5), "Except as [otherwise] provided . . . a court may not *impose* a sentence providing for a term of confinement or community supervision, community placement, or community custody which exceeds the statutory maximum for the crime as provided in chapter 9A.20 RCW." (Emphasis added.) Since the sentencing court *imposed* a sentence exceeding Mr. Zavala-Reynoso's statutory maximum, we vacate his sentence and remand for resentencing in a manner consistent with this opinion.

KATO, C.J., and SWEENEY, J., concur.