195 P.3d 967 (2008)
STATE of Washington, Respondent,
v.
Nicholas S. ROY, Appellant.
No. 26082-8-III.
Court of Appeals of Washington, Division 3.
November 4, 2008.
*969 Susan Marie Gasch, Gasch Law Office, Spokane, WA, for Appellant.
Curtis Lane Liedkie, Attorney at Law, Asotin, WA, for Respondent.
BROWN, J.
¶ 1 Nicholas S. Roy appeals his sentence for possessing a controlled substance with intent to deliver. Mr. Roy contends the trial court on remand from this court erred when correcting his maximum sentence to 20 years under the doubling provisions of RCW 69.50.408(1). Pro se, he argues the sentencing court miscalculated his offender score, violated Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and that he was vindictively prosecuted. We reject Mr. Roy's contentions and arguments and his additional grounds for review, and affirm.

FACTS
¶ 2 In 2002, Mr. Roy was sentenced to 112-months confinement and 9-12 months of community custody for possessing methamphetamine with intent to deliver. His judgment and sentence lists numerous prior drug convictions and shows his maximum term as 10 years. Mr. Roy lost his appeal in 2004 on a motion on the merits.
¶ 3 In 2005, Mr. Roy filed a CrR 7.8 motion to vacate his judgment and sentence. Relying on State v. Zavala-Reynoso, 127 Wash.App. 119, 110 P.3d 827 (2005),[1] he unsuccessfully argued his total sentence of 112 months plus 9-12 months of community custody exceeded his statutory maximum sentence of 10 years. The trial court concluded the 10-year maximum was a mistake and should have been 20 years. Therefore, the court found the sentencing court properly sentenced Mr. Roy to 112 months plus 9-12 months of community custody as a matter of law. Mr. Roy requested discretionary review, but our commissioner allowed an appeal as a matter of right.
¶ 4 Our commissioner remanded to the sentencing court directing amendment of the judgment and sentence to reflect the correct maximum sentence of 20 years. The commissioner's ruling is final by our mandate.
¶ 5 On March 15, 2007, the State asked the sentencing court to amend the judgment and sentence to correct the statutory maximum to 20 years. Mr. Roy, pro se, objected to his criminal history, requested an evidentiary hearing, and requested counsel. The court granted the State's motion to amend the judgment and sentence, but did not address Mr. Roy's other issues, "because they're beyond the scope of . . . what's before the court." Report of Proceedings (April 11, 2007) at 10. Mr. Roy appealed.

ANALYSIS

A. Maximum Sentence
¶ 6 The issue is whether the sentencing court erred in amending the judgment and sentence to reflect a 20-year maximum term.
¶ 7 First, Mr. Roy contends the sentencing court lacked the authority to amend his sentence. We review "a trial court's sentence for errors of law or abuses of discretion in deciding what sentence applies." *970 State v. Castro, 141 Wash.App. 485, 494, 170 P.3d 78 (2007). A trial court has broad discretion in sentencing a defendant. State v. Haddock, 141 Wash.2d 103, 110, 3 P.3d 733 (2000).
¶ 8 Under the law of the case doctrine we presume rulings on a prior appeal will not be reviewed again. The doctrine provides that once there is an appellate court ruling, its holding must be followed in all of the subsequent stages of the same litigation. Roberson v. Perez, 156 Wash.2d 33, 41, 123 P.3d 844 (2005); Lutheran Day Care v. Snohomish County, 119 Wash.2d 91, 113, 829 P.2d 746 (1992). This doctrine "seeks to promote finality and efficiency in the judicial process." Roberson, 156 Wash.2d at 41, 123 P.3d 844.
¶ 9 But RAP 2.5(c)(2) provides that if a case returns to an appellate court following a remand, "[t]he appellate court may at the instance of a party review the propriety of an earlier decision of the appellate court in the same case and, where justice would best be served, decide the case on the basis of the appellate court's opinion of the law at the time of the later review." (Emphasis added). Because the rule uses the term "may," application of RAP 2.5(c)(2)'s exception to the law of the case doctrine has been characterized as discretionary, rather than mandatory. Roberson, 156 Wash.2d at 42, 123 P.3d 844. Review of an earlier decision may be granted where the law has changed between the current and former proceedings. Id. Here, no change of law requires review.
¶ 10 The trial court convicted Mr. Roy of a class B felony that carries a statutory maximum 10-year sentence. But RCW 69.50.408(1) provides, "[A]ny person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both." An offense is considered a subsequent offense if the prior offense was related to "narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs." RCW 69.50.408(2). Because Mr. Roy has many prior drug convictions, our commissioner properly remanded for amendment of the maximum term to 20 years.
¶ 11 Mr. Roy argues the use of the word "may" in RCW 69.50.408(1) allows the sentencing court to exercise its discretion in deciding whether to double the maximum term. Our commissioner decided this issue before remand. Because legal authority on maximum terms has not changed between proceedings, our commissioner's ruling is the law of the case.
¶ 12 A judge is not required to impose a double sentence, but the option is available to him or her under RCW 69.50.408(1). "RCW 69.50.408 doubles the maximum penalty, not the standard range penalty." In re Pers. Restraint of Cruz, 157 Wash.2d 83, 90, 134 P.3d 1166 (2006). The maximum sentence available remained double the initial maximum sentence, whether the judge chose to impose it or not. Here, the maximum is 20 years as determined by the trial court before our commissioner remanded, directing amendment of the judgment and sentence. Since the remand was not based on the timeliness of Mr. Roy's 2005 CrR 7.8 motion, his timeliness argument is irrelevant.
¶ 13 Second, Mr. Roy contends he was denied his due process notice right under article I, section 22 of the Washington State Constitution and the Sixth Amendment to the Federal Constitution. He argues the charging document did not give notice that his maximum sentence could be doubled under RCW 69.50.408(1). A similar argument was recently made and rejected in State v. McNeal, 142 Wash.App. 777, 175 P.3d 1139 (2008). Division Two of this court held, "the lack of a `doubling provision' related allegation in the information did not violate McNeal's due process right to notice of the charges against him." Id. at 786, 175 P.3d 1139. We adopt the same reasoning.

B. Pro Se Additional Grounds
¶ 14 First, Mr. Roy contends the court miscalculated his offender score by including unproven criminal history. "The State bears the burden of proving the existence of prior convictions by a preponderance of the evidence." State v. Bergstrom, 162 Wash.2d 87, 93, 169 P.3d 816 (2007) (citing In *971 re Pers. Restraint of Cadwallader, 155 Wash.2d 867, 876, 123 P.3d 456 (2005); State v. Lopez, 147 Wash.2d 515, 519, 55 P.3d 609 (2002)). "The best evidence to establish a defendant's prior conviction is the production of a certified copy of the prior judgment and sentence." Bergstrom, 162 Wash.2d at 93, 169 P.3d 816.
¶ 15 However, sentencing courts may rely on defense acknowledgment of prior convictions without further proof. Id. at 94, 169 P.3d 816. Our record shows Mr. Roy did not object to his criminal history until the remand proceedings. Without a defense objection during the sentencing proceedings, the sentencing court properly relied upon the criminal history provided by the State in calculating Mr. Roy's offender score.
¶ 16 Second, Mr. Roy contends his sentence violates Blakely because aggravating factors supporting an exceptional sentence must be found by a jury. Blakely, 542 U.S. at 301-02, 124 S.Ct. 2531. In other words, a defendant has a constitutional right to have a jury find facts that cause criminal punishment to exceed the "`prescribed statutory maximum.'" State v. Kinneman, 155 Wash.2d 272, 277, 119 P.3d 350 (2005) (quoting Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). Because Mr. Roy's sentence does not exceed the statutory maximum, his argument fails.
¶ 17 Third, Mr. Roy contends the State's request to amend his maximum sentence to 20 years was vindictive. "Prosecutorial vindictiveness occurs when `the government acts against a defendant in response to the defendant's prior exercise of constitutional or statutory rights.'" State v. Korum, 157 Wash.2d 614, 627, 141 P.3d 13 (2006) (quoting United States v. Meyer, 810 F.2d 1242, 1245-46 (D.C.Cir.1987)). The action is vindictive "`if designed to penalize a defendant for invoking legally protected rights.'" Id. There are two kinds of prosecutorial vindictiveness: actual and presumptive. Korum, 157 Wash.2d at 627, 141 P.3d 13. "A presumption of vindictiveness arises when a defendant can prove that `all of the circumstances, when taken together, support a realistic likelihood of vindictiveness.'" Id. (quoting Meyer, 810 F.2d at 1246).
¶ 18 Here, the State moved to amend the sentence based on this court's directive. Thus, Mr. Roy cannot show he was penalized for invoking a legally protected right. Therefore, Mr. Roy's vindictiveness claim fails.
¶ 19 Affirmed.
WE CONCUR: SCHULTHEIS, C.J., and SWEENEY, J.
NOTES
[1] In Zavala-Reynoso, this court held the combined total of a defendant's community custody term and standard range sentence may not exceed the statutory maximum term. 127 Wash. App. 119, 124, 110 P.3d 827 (2005).