IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| STATE OF WASHINGTON, | ) | No. 71029-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| VICHAI SALY, | ) | |
| | ) | |
| Appellant. | ) | FILED: January 20, 2015 |

SCHINDLER, J. — Vichai Saly appeals the amended judgment and sentence,
arguing the court erred in refusing to consider his CrR 7.8 motion challenging the
inclusion of four class C felonies in his offender score and in denying his request for a
continuance. Because his arguments are without merit, we affirm.

In 2005, a jury convicted Vichai Saly of murder in the first degree while armed
with a firearm. "Appendix B" to the judgment and sentence sets forth the criminal
history used to calculate Saly's offender score. Appendix B states, in pertinent part:

| Crime | Sentencing Date | Adult or Juv[enile] Crime . . . . |
|---|---|---|
| ASSAULT 2 | 01/13/1995 | ADULT . . . . |
| ASSAULT 2 | 01/13/1995 | ADULT . . . . |
| ASSAULT 2 | 01/13/1995 | ADULT . . . . |
| TAKING MOTOR VEHICLE WITHOUT PERMISSION | 01/13/1995 | ADULT . . . . |

| TAKING MOTOR VEHICLE | 08/06/1992 | JUVENILE . . . . |
| VUCSA[1] | 12/28/1993 | JUVENILE . . . . |
| UNLAWFUL POSSESION OF A FIREARM 2. | 10/07/1994 | JUVENILE . . . . |

With an offender score of 8, the standard sentence range was 370 to 493 months. The court imposed a standard range sentence of 388 months and a mandatory firearm enhancement of 60 months for a total of 448 months.

In 2011, Saly filed a pro se CrR 7.8 motion for relief from the judgment and sentence. Saly asserted the court miscalculated his offender score by including four prior class C felony convictions that "wash[ed] out" under RCW 9.94A.525(2)(c).[2] Specifically, Saly challenged the inclusion of (1) taking a motor vehicle without permission (1995), (2) unlawful possession of a firearm in the second degree (1994), (3) VUCSA (1993), and (4) taking a motor vehicle (1992). The Washington Supreme Court granted Saly's motion for discretionary review of the CrR 7.8 motion and the State's motion to remand for resentencing.[3]

On remand, Saly requested that the court appoint new counsel because he planned to assert a claim of ineffective assistance of counsel for failure to correctly advise him of the offender score. Saly told the court, "If I had known that I had six points instead of just 8, I probably -- you know, it probably would have went real different than what it was, you know." The court granted the request to appoint new counsel and rescheduled the sentencing hearing for September 20, 2013.

---

[1] Violation of the Uniform Controlled Substances Act.

[2] RCW 9.94A.525(2)(c) states, in pertinent part:

[C]lass C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without committing any crime that subsequently results in a conviction.

[3] In re Pers. Restraint of Saly, 176 Wn.2d 1017, 293 P.3d 1185 (2013).

Before the hearing on September 20, the attorney representing Saly filed

"Defendant's Sentencing Recommendation." The sentencing recommendation states

the offender score is 6, and the standard sentence range is 312 to 416 months plus 60

months for the firearm enhancement. The sentencing recommendation states, in

pertinent part:

> His case is remanded for sentencing after Mr. Saly successfully petitioned
> the Court and argued his offender score was calculated incorrectly; his
> offender score is a 6 rather than an 8.
> . . . Mr. Saly does not object to the other conditions recommended
> by the State.

The sentencing recommendation asks the court to impose a low-end standard range

sentence "in consideration of the progress [Saly] has made over the last eight years."[4]

At the resentencing hearing on September 20, the State agreed that Saly's

offender score "actually is a 6." Consistent with the sentencing recommendation, Saly's

attorney asked the court to impose a sentence at "the lower end of the standard range

as it currently sits with an offender score of 6." Saly's attorney told the court that Saly

intended to raise other issues "at a later time." The attorney also questioned why the

State charged Saly as an adult for the three prior assault crimes. However, the attorney

stated that "given the age of the case I was not able to get much of that information for

him."

> Mr. Saly . . . does have some other issues to follow up on. One
> being how would he have handled this matter had he known that his
> offender score was lesser given whatever the status of negotiations or
> investigation -- however that had progressed throughout the progress of
> his case. Although that is not an issue to be addressed here today, Mr.
> Saly will have some follow-up work to do to see if he has any other ability
> to address those before the court at a later time.
> In addition, what I thought was most interesting about the history
> that he does have is that his priors are all juvenile offenses.

---

[4] Emphasis omitted.

Unfortunately, though, because of his priors, the later ones, being assault in the second degree, it appears that the State had opted to try him as an adult. And from Mr. Saly's recollection it's unclear to him what happened, if there was a decline hearing, what the status of that was, and given the age of the case I was not able to get much of that information for him.

Saly then addressed the imposition of sentence. Saly told the court that he believed his offender score was lower than 6 but that he had no opportunity to obtain "more information and more evidence to prove it to you." Saly asked the court to consider his argument about his juvenile criminal history "all at once" before imposing sentence.

> I'm pretty sure that you know that . . . if I had the opportunity to present more evidence, I probably could have and showed you that I think I have a lower score than 6. So I'm just going to let you know that I believe that I do have a score of like possibly 1, but until I've gotten more information and more evidence to prove it to you, but overall I really don't want to go back to prison and then come back again and then go back to prison and come back again, just on like appeal issues. I was wondering if I could try to get it done all at once with you because you have jurisdiction over me for my points on the juvenile, the Superior Court does, you do. It just has to do with sentencing purposes only, and if you're willing to hear it before or not, it's up to you.

The court denied Saly's request for a continuance. The court stated that if Saly filed a motion raising the new issues after sentencing, the court would transfer it to the Court of Appeals.

Based on an offender score of 6, the court imposed a standard range sentence of 372 months and a mandatory firearm enhancement of 60 months for a total of 432 months. Appendix B to the amended judgment and sentence does not include the four convictions that Saly challenged in the CrR 7.8(a) motion: (1) taking a motor vehicle without permission (1995), (2) unlawful possession of a firearm in the second degree (1994), (3) VUCSA (1993), and (4) taking a motor vehicle (1992).

4

Appendix B to the amended judgment and sentence lists only the three prior convictions for assault in the second degree:

| Crime | Sentencing Date | Adult or Juv[enile] Crime .... |
|---|---|---|
| Assault 2 | 01/13/1995 | Adult .... |
| Assault 2 | 01/13/1995 | Adult .... |
| Assault 2 | 01/13/1995 | Adult. |

On October 16, Saly filed a notice of appeal of the amended judgment and sentence. Saly also filed a separate pro se CrR 7.8 motion for relief from the judgment and sentence. In the CrR 7.8 motion, Saly asserts that the attorneys who represented him in 2005 provided ineffective assistance by miscalculating his offender score. Saly also argues that the three prior convictions for assault in the second degree are invalid because he was a juvenile, but the State tried him as an adult. In addition, Saly asserts the amended judgment and sentence is "invalid on it's [sic] face" because the amended sentence is "outside the standard sentencing range." The court transferred the CrR 7.8(b) motion to this court as a personal restraint petition.

Saly contends the court erred in refusing to consider his challenge to the inclusion of four class C felonies that he made in the CrR 7.8 motion and in denying his request to continue the resentencing hearing.

We review a trial court's ruling on a CrR 7.8 motion for abuse of discretion. State v. Zavala-Reynoso, 127 Wn. App. 119, 122, 110 P.3d 827 (2005). A court abuses its discretion if it bases the decision on untenable grounds or untenable reasons. Zavala-Reynoso, 127 Wn. App. at 122.

In the CrR 7.8 motion, Saly argued the court erred by including four prior class C felony convictions in the calculation of his offender score: (1) taking a motor vehicle

without permission (1995), (2) unlawful possession of a firearm in the second degree (1994), (3) VUCSA (1993), and (4) taking a motor vehicle (1992). On appeal, Saly argues the court erred by excluding only one of the challenged convictions from his criminal history. The record does not support his argument.

The court did not include any of the prior class C felony convictions in the calculation of the offender score on remand. Appendix B to the amended judgment and sentence clearly shows the court calculated Saly's offender score based solely on the three 1995 convictions as an adult for assault in the second degree. Appendix B does not include taking a motor vehicle without permission (1995), unlawful possession of a firearm in the second degree (1994), VUCSA (1993), or taking a motor vehicle (1992).

Saly also contends the court erred in denying his pro se request to continue the hearing to give him an "opportunity to present more evidence" to support a lower offender score.

The decision to deny a motion to continue "is within the discretion of the trial court and will not be disturbed absent an abuse of discretion." State v. Ollivier, 178 Wn.2d 813, 822-23, 312 P.3d 1 (2013). Where, as here, the defendant is represented by counsel, the court has broad discretion to refuse to consider a pro se motion. In re Pers. Restraint of Quinn, 154 Wn. App. 816, 841, 226 P.3d 208 (2010). Further, Saly did not inform the court of any material facts to support his argument that the three prior convictions for assault in the second degree should not be included in his criminal history. We conclude the court did not abuse its discretion in denying his request to

No. 71029-0-I/7

continue the hearing.[5]

We affirm.

WE CONCUR:

_Schindler, J._

_Leach, J._

_Becker, J._

2015 JAN 20 AM 11:23

COURT OF APPEALS DIV I
STATE OF WASHINGTON

---

[5] In a "Statement of Additional Grounds," Saly contends the court should have calculated his offender score as 0 instead of 6. Saly asserts the three prior convictions for assault in the second degree are invalid because the State charged him as an adult when he was 16 years old. Because Saly does not cite any evidence in support of his argument, there is not a sufficient basis to question the correctness of the calculation.

7