# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| DALE E. and LETA L. ANDERSON; DALE E. ANDERSON and LETA L. ANDERSON, Trustees of the DALE E. ANDERSON and LETA L. ANDERSON FAMILY TRUST; and RIVER PROPERTY LLC, | No.  47126-4-II |
| Appellants, | |
| v. | UNPUBLISHED OPINION |
| JAMES W. BROWN; ROBERTA D. DAVIS; KAE HOWARD, TRUSTEE OF THE KAE HOWARD TRUST; MICHAEL J. and CRISTI D. DEFREES, husband and wife; TUAN TRAN and KATHY HOANG, husband and wife; VINCENT and SHELLY HUFFSTUTTER, husband and wife; THOMAS J. and GLORIA S. KINGZETT, husband and wife; LARRY R. and SUSAN I. MACKIN, husband and wife; TOD E. MCCLASKEY, JR. and VERONICA A. MCCLASKEY, TRUSTEES OF THE MCCLASKEY FAMILY TRUST-FUND A; CRAIG STEIN; RICHARD and CAROL TERRELL, husband and wife, | |
| Respondents. | |

BJORGEN, A.C.J. — Dale and Leta Anderson (the Andersons) appeal the trial court's

judgment involving their planned subdivision of a lot they purchased in the Rivershore Estates

Phase I development (Rivershore) in Vancouver. This appeal is the second in this case, following an earlier appeal of an order granting summary judgment by other property owners in the Rivershore development (the Neighbors).

The trial court concluded that the Andersons may not subdivide the lot, because we decided in the earlier appeal that the Neighbors validly adopted an amendment to the Declaration of Covenants and Restrictions for Rivershore (the Covenants) prohibiting further subdivision. The trial court also ruled that the Neighbors were not estopped from challenging the Andersons' plans to subdivide. On appeal, the Andersons argue that the amendment was invalid, contending that it imposed a new restriction without a unanimous vote or a provision in the Covenants allowing for adoption by less than a unanimous vote. The Andersons further contend that the trial court erred by applying the law of the case doctrine to preclude its consideration of the issue. They also challenge the amendment on grounds that there were deficiencies with several of the votes cast and argue that the trial court erred by concluding that the Neighbors were not estopped from amending the Covenants to prohibit subdivision.

We hold that the amendment was not validly adopted, because the law of the case doctrine does not prevent consideration of whether the amendment required a unanimous vote and the amendment could only be adopted by unanimous vote. Accordingly, we reverse the trial court's order and remand for entry of a declaratory judgment in the Andersons' favor. With this result, we need not reach the Andersons' other challenges.

FACTS

The Andersons and the Neighbors are owners of lots in the Rivershore development in Vancouver. The lots in Rivershore are subject to the Covenants, which impose a variety of restrictions. The Covenants may be amended by "affirmative vote of 80% of the then owners of lots within this subdivision." Ex. 1.

In 2002, the Andersons were the owners of Lot 4 in Rivershore. They learned fellow Rivershore lot owner James Brown planned to subdivide Lot 13 into two lots and, along with several of the Neighbors, retained an attorney in an effort to stop Brown's subdivision. They challenged the subdivision before the city of Vancouver, but were unsuccessful. Their attorney told them that future subdivision could be prohibited by amending the Covenants. However, they decided not to pursue further litigation over the matter and took no efforts to amend the Covenants. Brown followed through with the subdivision of Lot 13 in 2003, and in 2005 the Andersons purchased one of the divided portions of Lot 13 as members of a holding company, River Property LLC.

In 2008, the Andersons purchased Lot 2 with the intent of subdividing it as Brown had done with Lot 13. They applied for the subdivision with the city of Vancouver shortly thereafter. In opposition, the Neighbors proposed an amendment to the Covenants providing that "Lots 1 through 13, consisting of the original 13 lots contained in Rivershore, shall not be further subdivided or short platted." *Anderson v. Brown* (*Anderson* I), noted at 176 Wn. App. 1016, 2013 WL 4774132, at *3 (2013) (unpublished opinion). Neither the Andersons, as owners of Lots 2 and 4, nor River Property, as the owner of a subdivided portion of Lot 13, voted in favor of the amendment. However, all of the other owners voted in favor of the amendment. The amendment thus passed and was recorded with the county. *Id*. at *5-6.

The Andersons filed suit in Clark County Superior Court seeking a declaratory judgment that they may move forward with the subdivision plan because the 2008 amendment was invalid. *Anderson* I, 2013 WL 4774132 at *6-7. The Andersons also claimed that the Neighbors should be equitably estopped from amending the Covenants to prohibit subdivision. *Id*. at *7. The trial court granted partial summary judgment to the Andersons, ruling that the original Covenants did not prohibit subdivision and the amendment was invalid because it was not adopted by a vote of at least 80 percent of the owners at the time of the voting. *Id*.

The Neighbors appealed the grant of summary judgment to this court, arguing that the trial court had misinterpreted the voting provision in the Covenants as allowing amendment by 80 percent of current owners, rather than by current owners of 80 percent of the lots as originally platted. *Anderson* I, 2013 WL 4774132 at *9. In 2013, we issued our opinion in that appeal, reversing summary judgment and holding that the Neighbors' interpretation of the voting provision was correct and 80.7 percent of the votes cast were therefore in favor of the 2008 amendment. *Id*. We remanded to the trial court for further factual development on the equitable estoppel claim. *Id*. at 15.

The next year, our Supreme Court decided *Wilkinson v. Chiwawa Communities Ass'n*, 180 Wn.2d 241, 327 P.3d 614 (2014). It clarified that "when the general plan of development permits a majority to *change* the covenants but not create new ones, a simple majority cannot add new restrictive covenants that are inconsistent with the general plan of development or have no relation to existing covenants." 180 Wn.2d at 256. Because new restrictions adopted with less than unanimous approval unexpectedly diminish minority owners' property rights, they must be carefully scrutinized. *Id*.

4

On remand in 2015, the Andersons tried their case to the trial court, which ultimately decided that the 2008 amendment was validly adopted and that the Neighbors were not equitably estopped from amending the Covenants to prohibit subdivision. It expressly concluded that under the rule stated in *Wilkinson* the amendment would *not* have been validly adopted, but determined that the law of the case doctrine precluded the declaratory relief the Andersons sought because we had decided in the first appeal that the amendment *was* validly adopted. The trial court also concluded that the law of the case doctrine prohibited its consideration of any defects with the votes cast in favor of the amendment because we held in the earlier appeal that 80.7 percent of the votes were validly cast in favor. On the issue of estoppel, it ruled that the Neighbors had not waived their rights to oppose future subdivisions under the new amendment merely because they dropped their opposition to Brown's earlier subdivision of Lot 13.

The Andersons appeal the trial court's order granting summary judgment.

ANALYSIS

The Andersons contend that the trial court erred in its legal conclusions, but do not challenge its factual findings. They argue that (1) this court has yet to decide whether the 2008 amendment was invalid under *Wilkinson* and should decide in this appeal that it is indeed invalid because it imposed a new restriction not adopted by unanimous vote, and (2) we should decline to apply the law of the case doctrine to bar this challenge under *Wilkinson*. The Andersons argue also that the law of the case doctrine does not apply to their challenge to votes cast by some of the Neighbors and that we should hold those votes invalid. The Andersons further argue that the Neighbors should be estopped from claiming that the Andersons may not subdivide Lot 2, because they declined to oppose Brown's subdivision of Lot 13 and took no action to add a subdivision restriction to the Covenants before the Andersons purchased Lot 2.

We review a trial court's decision following a bench trial to determine whether the findings of facts are supported by substantial evidence and whether those findings support the conclusions of law, which we review de novo. *Kitsap County v. Kitsap Rifle & Revolver Club*, 184 Wn. App. 252, 266, 337 P.3d 328 (2014), *review denied*, 183 Wn.2d 1008 (2015). Because the Andersons do not challenge the trial court's findings of fact, we consider those findings verities on appeal. *Id*. at 267. We review all underlying issues of law de novo. *Id*. at 267.

## I. ADOPTION OF THE AMENDMENT BY LESS THAN UNANIMOUS VOTE

The Neighbors argue that we decided in the previous appeal that the 2008 amendment was validly adopted and that under the law of the case doctrine we should decline to revisit that issue. The Andersons disagree that we decided the issue in 2008, and argue that the amendment was not validly adopted because it was not approved by unanimous vote. We agree with the Andersons that the amendment was not validly adopted and the issue was not decided in the earlier appeal.

1.  The Law of the Case Doctrine

The law of the case doctrine may apply where there has been a prior appellate decision in the same case. *Worden v. Smith*, 178 Wn. App. 309, 324, 314 P.3d 1125 (2013). "In its most common form," the doctrine "stands for the proposition that once there is an appellate holding enunciating a principle of law, that holding will be followed in subsequent stages of the same litigation." *Roberson v. Perez*, 156 Wn.2d 33, 41, 123 P.3d 844 (2005). Questions actually decided by the prior appellate decision, or which could have been decided had they been raised before the appellate court in the earlier appeal, "will not again be considered on a subsequent appeal if there is no substantial change in the evidence." *Folsom v. County of Spokane,* 111 Wn.2d 256, 263, 759 P.2d 1196 (1988) (quoting *Adamson v. Traylor*, 66 Wn.2d 338, 339, 402

P.2d 499 (1965)). Primarily, the doctrine is intended "to promote finality and efficiency in the judicial process." *Roberson*, 156 Wn.2d at 41.

2.    The Law of the Case Doctrine Does Not Preclude Our Consideration of the Validity of the 2008 Covenant Amendment

The Andersons argue that in the earlier appeal we did not consider or decide whether the 2008 amendment was a new restriction that could be validly adopted by an 80 percent vote. We agree that we have not considered, and hold that the Andersons need not previously have raised, the issue of whether the 2008 amendment could be validly adopted by an 80 percent vote. Therefore, we hold that the law of the case doctrine does not bar our consideration of that question here.

In the introductory section of our previous opinion disposing of the Andersons' earlier appeal, we concluded that "the [2008] amendment to the covenants was valid because, in conformance with the covenants, it was approved by owners holding more than 80 percent of current ownership interest in the lots in the subdivision." *Anderson* I, 2013 WL 4774132, at *1. We further clarified in the Analysis section of the opinion that

> we are determining how the voting rights of lot owners should be allocated under the Covenants; *we are not determining whether the restriction against subdivision on which the lot owners voted was substantively invalid*. The Andersons make no argument that the restriction, if properly enacted, was substantively invalid.

*Id.* at *5 (emphasis added). Therefore, despite the tenor of the language used in the introductory section of the opinion, we in fact did not decide that the amendment was substantively valid, but rather decided only that the vote itself comported with the vote threshold requirement established by the Covenants. We reversed the trial court's decision that the amendment was invalid because "the 2008 amendment to the Covenants was approved by an 80.7 percent vote," exceeding the required 80 percent threshold. *Id*. at *8.

7

In *Wilkinson*, our Supreme Court noted that the substance of a restrictive covenant matters when analyzing whether the covenant was validly adopted. If an amendment imposes a new substantive restriction without express allowance in the governing agreement for adoption by less than unanimous voting, unanimity among the owners of the affected properties is necessary for valid adoption. *Wilkinson*, 180 Wn.2d at 256. If the governing agreement allows for amendment of existing restrictions by less than unanimous vote but is silent as to the adoption of new restrictions, courts will not interpret the vote threshold prescribed for amending existing restrictions to extend to votes approving the addition of new restrictions. *Id*. "This rule protects the reasonable, settled expectation of landowners by giving them the power to block 'new covenants which have no relation to existing ones' and deprive them of their property rights." *Id*. (quoting *Meresse v. Stelma*, 100 Wn. App. 857, 866, 999 P.2d 1267 (2000)).

In deciding the earlier appeal, we did not address whether the 2008 amendment imposed a new restriction or whether such a restriction could be adopted by less than unanimous vote. Instead, the issue was whether proportional voting rights were determined according to the original lot divisions. *See Anderson* I, 2013 WL 4774132 at *7-8. We stated that "[w]hether the 2008 amendment to the Covenants is valid . . . hinges on how votes are allocated among the lot owners." *Anderson* I, 2013 WL 4774132 at *5. Therefore, we have not had the opportunity to decide whether the 2008 amendment was valid in light of the *Wilkinson* rule and in fact have not decided that question. The Andersons need not have raised such a substantive challenge to the amendment's validity in the Neighbors' earlier appeal, because the trial court had granted summary judgment based on the allocation of votes and did not address the question posed by *Wilkinson*. *See Anderson* I, 2013 WL 4774132 at *4. In this appeal, the Andersons do raise the issue, and the law of the case doctrine does not preclude us from considering it.

The Neighbors argue that the Andersons raised this issue in the earlier appeal. They state that the Andersons "relied on" *Meresse*, an earlier case involving substantive invalidity that stated the law clarified in *Wilkinson*.[1] Br. of Respondents, App. at A52. The Andersons did quote *Meresse* in their briefing in the earlier appeal, stating that a majority of landowners may not subject a minority to "unlimited and unexpected restrictions on the use of their land" merely because the governing agreement permitted amendment by majority vote. Br. of Resp't, App. at A52 (quoting *Meresse*, 100 Wn. App. at 866). However, the Andersons included the quote only in the context of arguing that each original lot held only a single vote under the Covenants. We did not treat the quotation as an argument that the 2008 amendment imposed a new substantive restriction or that such a restriction required unanimous approval. *See Anderson* I, 2013 WL 4774132 at *1, *5. Therefore, we hold that there is no law of the case as to those questions, and the doctrine does not preclude us from considering them.[2]

---

[1] The Neighbors also assert that the Andersons relied on *Shafer v. The Board of Trustees of Sandy Hook Yacht Club Estates*, 76 Wn. App. 267, 883 P.2d 1387 (1994), which dealt with substantive invalidity. However, in the earlier appeal the Andersons cited that case only for the proposition that amendments to covenants must be adopted according to any amendment procedures established in the original covenants.

[2] The Andersons also argue that even if we did decide the issue in the earlier appeal, we should exercise our discretion and decline to apply the law of the case doctrine due to the intervening announcement of new controlling law in *Wilkinson*. RAP 2.5(c) limits the application of the law of the case doctrine, providing that

> (1) If a trial court decision is otherwise properly before the appellate court, the appellate court may at the instance of a party review and determine the propriety of a decision of the trial court even though a similar decision was not disputed in an earlier review of the same case.
> (2) [T]he appellate court may at the instance of a party review the propriety of an earlier decision of the appellate court in the same case and, where justice would best be served, decide the case on the basis of the appellate court's opinion of the law at the time of the later review.

RAP 2.5(c)(1). We may apply these exceptions to the doctrine at our discretion. *State v. Roy*, 147 Wn. App. 309, 314-15, 195 P.3d 967 (2008). However, because we hold that there is no law

3.    The 2008 Covenant Amendment was Invalid

Because we hold that the law of the case doctrine does not preclude us from considering whether the 2008 amendment was validly adopted under the rule announced in *Wilkinson*, we address that issue in this appeal. We agree with the trial court that the 2008 amendment added a new restriction to the Covenants and hold that the amendment was invalid because it was not adopted by unanimous vote of the owners.

As noted above, under *Wilkinson* unanimity is required to adopt an amendment that imposes a new substantive restriction if the governing agreement does not allow for adoption of new restrictions by a different quantum of votes. *Wilkinson*, 180 Wn.2d at 256. If a governing agreement only allows for amendment of *existing* restrictions by less than unanimous vote, *new* restrictions are valid only if adopted unanimously. *Id*.

The Covenants provide that the restrictions contained therein shall be binding and effective for 30 years unless

> prior to such 30 year date, it appears to the advantage of this platted subdivision that *these restrictions* should be *modified*, then, and in that event, any *modification* desired may be made by affirmative vote of 80% of the then owners of lots within this subdivision and evidenced by a suitable instrument filed for public record.

Ex. 1 at 1 (emphasis added). The plain language of this provision allows for modification of the existing restrictions by a vote of the current owners of at least 80 percent of the original lots.[3] This provision applies only to modification and is silent as to adoption of new restrictions.

---

of the case regarding the substantive validity of the new restriction, we need not consider the discretionary limitation of RAP 2.5(c).

[3] In the earlier appeal, we determined that the relevant voting units are the original platted lots. *Anderson* I, 2013 WL 4774132 at *7.

The trial court concluded that "[t]he original covenant does not restrict subdivisions of the lots," and "[t]he amendment substantively restricts the covenants and pursuant to *Wilkinson* would be invalid." CP at 20. This was in accord with our earlier discussion of the matter:

> By their own terms, the original Covenants do not directly address the future division of lots within Rivershore. And because we will not imply a restriction in the Covenants against lawful subdivision of one's own land where the Covenants do not expressly prohibit such an activity, the original Covenants do not prevent the Andersons —or any of the other Neighbors —from subdividing their lots.

*Anderson* I, 2013 WL 4774132 at *6. The Neighbors do not assign error to the trial court's conclusion and do not argue that our treatment of the issue was erroneous.

Because the Covenants did not include any restriction on subdivision of lots, the 2008 amendment created a new restriction and was therefore subject to the rule announced in *Wilkinson*. Because the amendment was not unanimously approved by the current owners of all original lots, the trial court was correct that the amendment was not validly adopted under *Wilkinson*.

## II. THE ANDERSONS' OTHER ARGUMENTS

The Andersons also argue that (1) even if the 2008 amendment could be validly adopted by a vote of over 80 percent of the owners, we should hold that the vote failed to reach that threshold because three of those votes were improperly cast, and (2) the Neighbors should be estopped from enforcing the 2008 amendment because they previously took contrary action in the earlier litigation. Because we reverse on the grounds discussed in section I of the Analysis above, we decline to reach these issues.

## III. ATTORNEY FEES

The Neighbors request attorney fees on appeal.[4] We deny the request.

---

[4] The Andersons do not seek an award of attorney fees.

We may grant an award of reasonable attorney fees on appeal to a party that requests it in its opening brief, as long as applicable law provides for such an award. RAP 18.1. Here, the Covenants entitle a party bringing an action to enforce their provisions to an attorney fees award:

> Should any suit or action be instituted by any of said parties *to enforce* any of said reservations, conditions, agreements, covenants and restrictions, *or to restrain the violation* of any thereof, after demand for compliance therewith or for the cessation of such violation, events and whether[5] such suit or action be *entitled to recover from the defendants* therein such sum as the court may adjudge reasonable attorney fees in such suit or action, in addition to statutory costs and disbursements.

Ex. 1 at ¶19 (emphasis added).

This provision is inapplicable because this appeal flows from the Andersons' action for declaratory relief, not the Neighbors' action to enforce or restrain violation of any provision of the Covenants. Further, the provision expressly allows for an attorney fees award only against *the defendants* in an enforcement action. The Andersons are the plaintiffs here, so the provision by its own terms does not apply to the Neighbors. Therefore, the Covenants do not provide for an award of attorney fees in a case such as this.

## CONCLUSION

The Covenants do not authorize the adoption of new restrictions by less than unanimous vote. The 2008 amendment imposed a new restriction on the Riverside lots and therefore required a unanimous vote for valid adoption. We did not address this substantive issue in the earlier appeal, so the law of the case doctrine does not preclude our review here. The trial court correctly concluded that unanimity was required to adopt the amendment, but was not achieved. However, because the trial court erred in holding that the law of the case doctrine precluded it

---

[5] It is unclear what "events and whether" refers to here. This language appears to reflect a typographical error of some sort.

No. 47126-4-II

from deciding whether the amendment was valid, we reverse and remand for entry of declaratory judgment in the Andersons' favor in accord with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, A.C.J.

We concur:

MELNICK, J.

SUTTON, J.

13